IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA					RESPONDENT

v.					No. 1:09-CR-10011-HFB-BAB

ERNEST LEWIS					MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 51) filed herein by **ERNEST LEWIS**, (hereinafter referred to as "Lewis") an inmate confined in the Beaumont Medium Federal Correctional Institution, Beaumont, Texas. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 53. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case, for the reasons set out below I find this Motion should be **DENIED**.

**I. Procedural Background**

Lewis was charged in a two-count Indictment, each count alleging Lewis distributed more than five grams of crack cocaine. ECF No. 1. A Superceding Indictment was later filed alleging five-counts of criminal conduct. In addition to the original two-counts, it added allegations of conspiracy to distribute more than 50 grams of crack cocaine, maintaining a drug premises, and being a prior convicted felon in possession of a firearm. ECF No. 21.

On November 9, 2010, Lewis entered a plea of guilty to Count 2, distribution of more than five grams of crack cocaine. ECF No. 32. As part of a plea agreement, Lewis agreed to waive his

right to collaterally attack, pursuant to 28 U.S.C. § 2255, any sentence imposed and his right to seek a modification of sentence pursuant to 28 U.S.C. § 3582.[1]  ECF No. 33.  United States District Judge Harry F. Barnes ordered a Pre-sentence Report (PSR).

On May 5, 2011, Lewis was sentenced by Judge Barnes to 97 months imprisonment, 4 years supervised release, and $100 special assessment.  ECF No. 38.  This sentence was in conformity with the parties plea agreement.  On May 11, 2011, Judge Barnes entered an Amended Judgment imposing the same sentence, but giving Lewis credit served for federal time already served.  ECF No. 40.

On July 18, 2012, Lewis filed a *pro se* Motion for Sentence Reduction based on post sentencing rehabilitation.  ECF No. 41.  The Court construed this motion as one for retroactive application of the Sentencing Guidelines for Crack Cocaine Offenses and directed the United States Probation Office to prepare an Addendum to the PSR.  ECF No. 43.  The Court also appointed counsel to represent Lewis.  ECF No. 44.  On November 28, 2012, Judge Barnes denied the Motion for Sentence Reduction.  ECF No. 46.

**II.  Instant Petition**:

Lewis filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on June 24, 2013.  ECF No. 51.  Lewis claims he should be re-sentenced under the Fair Sentencing Act of 2010 (FSA) in light of *Dorsey v. United States,* ___ U.S.___, 132 S.Ct. 2321 (2012) and *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).  The Court directed the Government to file a response and the Government filed its Response on November 26, 2013.  ECF No. 53.  In its

---

[1] These waivers did not include his right to make a claim based on ineffective assistance of counsel as such claim might relate to the validity of the guilty plea itself.

Response, the Government asserts Lewis waived his right to collateral review and further, he was given the benefit of the FSA at sentencing.

**III. Discussion**:

    **a. Statute of Limitations**:  Neither party addressed the timeless of the instant Motion.  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA") was signed into law.  As amended by the AEDPA, 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> (f) A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Under § 2255(f)(1), a judgment may become final at different times, depending upon when a defendant's options for further direct review are foreclosed.  *See United States v. Gamble*, 308 F.3d 536, 537 (5th Cir.2000); *United States v. Thomas*, 203 F.3d 350, 352 (5th Cir.2000).  When the Defendant takes no direct appeal, the judgment becomes final when the availability of appeal or a petition for certiorari expires.  *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6 (1987).  In a criminal case, the defendant has ten (10) days to file a notice of appeal.  *See* FED.

R .APP. PROC. 4(b)(1)(A). If a defendant appeals his conviction and sentence to the Court of Appeals, then whether or not a petition for a writ of *certiorari* seeking review by the United States Supreme Court is filed, determines the date the judgment becomes final. If a defendant does not file petition for a writ of *certiorari* the one-year statute of limitations begins to run once the time for seeking review by the United States Supreme Court expires. *See Clay v. United States*, 537 U.S. 522, 532 (2003).

In this case Lewis did not appeal his conviction or sentence to the United States Court of Appeals for the Eighth Circuit. Accordingly, his conviction became final ten (10) days after the Amended Judgment (ECF No.40) was entered, or on May 20, 2011. The one-year statute of limitation began to run on that date and expired one year later, May 20, 2012. The instant Motion to Vacate, Set Aside or Correct Sentence was filed on June 24, 2013, well over a year after the statute of limitations expired.[2]

Absent one of the circumstances identified in § 2255 which might toll the running of the one-year limitations period, Lewis had one-year from May 20, 2011, or until May 20, 2012, to file his § 2255 motion. There is no allegation of any impediment (28 U.S.C. § 2255(f)(2)) to Lewis's seeking relief under § 2255, nor is there any allegation regarding his discovery of some new fact (28 U.S.C. § 2255(f)(4)) which would have acted to toll the running of the statute. As discussed below, there is no newly recognized right (28 U.S.C. § 2255(f)(3)) made retroactive to Lewis's claims by the Supreme Court. Accordingly, the instant Motion to Vacate, Set Aside, or Correct Sentence, is untimely and should be denied.

---

[2]Lewis did file a Motion for Retroactive Application of the Sentencing Guidelines on July 18, 2012. ECF No. 41. As this motion was filed also after the expiration of the one-years statute of limitations, it has no impact on the calculation of the timeliness of the instant Motion.

However, even if the Court were to consider the merits of the instant Motion, it should still be denied. Lewis clearly waived his right to collaterally attack the sentence. Further, the claim of retroactive application of the FSA fails. I address these issues below.

**b. Waiver of Right to Collaterally Attack Sentence**: As a preliminary matter, it should be noted a § 2255 motion is fundamentally different from a direct appeal. A collateral attack pursuant to § 2255 is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of a § 2255 motion is clear:

> Section § 2255 . . . provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)).

The Government asserts Lewis has waived his right to collaterally attack the sentence imposed here. Waivers of the right to collaterally attack a sentence are "generally enforceable." *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context."). Such waivers are not absolute, however. A waiver must be knowing and voluntary. *Id.* Further, a defendant cannot waive his right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. *Id. (citing United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir.), *cert. denied*, 525 U.S. 942 (1998)). However, the court

should enforce the waivers in a plea agreement if: (1) the record indicates the defendant entered into the agreement and waiver knowingly and voluntarily; (2) the issue raised falls within the scope of the waiver; and (3) enforcing the waiver would not result in a miscarriage of justice. *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009).

The United States Court of Appeals for the Eighth Circuit has upheld the following waiver: "[e]xcept for a claim of ineffective assistance of counsel, the defendant ... waives all rights to contest defendant's conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255." *Ackerland v. United States*, 633 F.3d 698, 702 (8th Cir. 2011). When conducting this inquiry, the government bears the burdens of proof and persuasion in establishing a valid waiver. *See United States v. Sisco*, 576 F.3d 791, 795 (8th Cir. 2009). Any ambiguities in a waiver at issue must be construed against the Government. *Id*.

In the instant case, Lewis's Plea Agreement contained a waiver of his right to collaterally attack his sentence. The Plea Agreement stated in part:

> d. the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on Ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver;
>
> e. the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the Government;

ECF No. 33 ¶ 7. There is no claim by Lewis that this waiver was not knowingly and voluntarily made. This waiver is substantially the same as the one upheld in *Ackerman*; namely, "the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. 2255, except for claims based on ineffective assistance of counsel which challenge the validity of the guilty plea or this waiver." ECF No. 33 ¶ 7.d. Lewis similarly waived any right to seek a sentence reduction

pursuant to § 3582.  ECF No. 33 ¶ 7.e.  Lewis signed and acknowledged he was voluntarily entering into the plea agreement having read it, and discussed it with his lawyer.  ECF No. 33, p. 14.  Lewis does not challenge his guilty plea or the waiver itself, rather he challenges the sentence imposed by the Court.  He has knowingly and intelligently waived the right to do so.  The Motion should be denied on this basis.

      **c.  *Dorsey*, *Alleyne* and Retroactivity of the FSA**: Lewis claims he should be re-sentenced under the FSA as a result of the Supreme Court decisions in *Dorsey v. United States,* ___ U.S.___, 132 S.Ct. 2321 (2012) and *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013).  Even if this Motion were timely filed and Lewis had not waived his right to collaterally attack his sentence, he would still obtain no relief.

      The FSA increased the drug amounts triggering mandatory minimum sentences for crack trafficking offenses from five (5) grams to twenty-eight (28) grams for the 5-year mandatory minimum sentence and from 50 grams to 280 grams for 10-year mandatory minimum sentence.  The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1.  The FSA also eliminated the 5-year mandatory minimum for simple possession of crack.  In *Dorsey*, the Supreme Court held the FSA applies in an initial sentencing proceeding that takes place on or after the statute's effective date of August 3, 2010, if the offense occurred before that date.  *See id.* 132 S.Ct. at 2326.  Accordingly, under *Dorsey* the FSA applies to this case.  *Dorsey* does not, however, afford Lewis the relief he seeks.

      Here, Lewis pled guilty to distributing crack cocaine in 2008.  Further, he stipulated in his plea agreement he would be held responsible for distribution of at least 50 grams, but not more than 150 grams of crack cocaine.  Under pre-FSA sentencing statutes, the mandatory minimum sentence

was five (5) years with a maximum sentence of forty (40) years. Under the FSA, the crime as charged carried a sentence of not more than twenty (20) years.[3] However as the Government points out, these differences do not effect Lewis's sentence. Because of his stipulated drug quantity, Lewis' sentence range under the United States Sentencing Guidelines ("USSG") was 97 to 121 months imprisonment. Further, this range was based on the more lenient guidelines which went into effect after the effective date of the FSA. Lewis was sentenced to 97 months. This sentence is well within the statutory range applicable to him under the FSA, nott more than twenty (20) years imprisonment.

Lewis also claims, pursuant to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), his Total Offense Level under the USSG should have been 21, rather than 28, based on the allegation of more than 5 grams of crack cocaine in the count of the Indictment to which he pled guilty. He completely disregards the fact he stipulated "the defendant should be held accountable [for] at least 50 grams but less than 150 grams of cocaine base" in his plea agreement. ECF No. 33 ¶ 10. Further, even if he were correct about the effect the allegations in the Superceding Indictment should have on his sentence calculation under the USSG, *Alleyne* would offer no relief in any event as it is not retroactively applicable.

Unlike this collateral proceeding, *Alleyne* was a direct appeal of a criminal conviction. The defendant was convicted of robbery affecting commerce and use of firearm during and in relation to crime of violence. Following a conviction by a jury, the defendant was sentenced to 130 months' imprisonment. Defendant appealed and the United States Court of Appeals for the Fourth Circuit

---

[3] I note the calendar of punishment attached to the Superceding Indictment included the pre-FSA statutory punishment range for Count 2, namely not less than 5 nor more than 40 years, rather than the FSA range of not more than twenty (20) years.. ECF No. 22. The Plea agreement also noted the old statutory punishment range of 5-40 years. ECF No. 33.

affirmed the conviction and sentence. The jury indicated on the verdict form that *Alleyne* had "[u]sed or carried a firearm during and in relation to a crime of violence" but did not indicate a finding that the firearm was "[b]randished." *Alleyne*, 133 S. Ct. at 2156. The pre-sentence report recommended seven year sentence reflecting the mandatory minimum sentence for cases in which a firearm has been "brandished," rather than a five year mandatory minimum sentence for "using or carrying" a firearm. *See id.* at 2156. The district court overruled the defendant's objection to this and explained that "brandishing" was a sentencing factor it could find by a preponderance of the evidence. Defendant was then sentenced to seven years on this count. *See id.*

The Supreme Court stated "The touchstone for determining whether a fact must be found by a jury beyond a reasonable doubt is whether the fact constitutes an 'element' or 'ingredient' of the charged offense." *Alleyne*, 133 S. Ct. at 2158. The Court further stated *"*Facts that increase the *mandatory minimum sentence* are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.*(emphasis added). *Alleyne* specifically overruled *Harris v. United States*, 536 U.S. 545 (2002), holding:

> Because the finding of brandishing increased the penalty to which the defendant was subjected, it was an element, which had to be found by the jury beyond a reasonable doubt. The judge, rather than the jury, found brandishing, thus violating petitioner's Sixth Amendment rights.

*Alleyne*, 133 S. Ct. at 2163-64. *Alleyne* essentially applies the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)("any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt") to the applicable statutory minimum sentence. Based on *Alleyne* and *Apprendi*, any fact that changes the statutory range of punishment must be proven to a jury beyond a reasonable doubt.

As noted, the decision in *Alleyne* is a new rule of constitutional law, overruling a prior decision of the Supreme Court. Generally, new constitutional rules *are not* applied retroactively to cases on collateral review, such as this one. *See Teague v. Lane*, 489 U.S. 288, 303 (1989). There are two exceptions to the *Teague* retroactivity rule. First, a new rule which places certain kinds of individual conduct beyond the power of the criminal law-making authority to proscribe or otherwise prohibits imposition of a certain type of punishment for a class of defendants because of their status or offense will be applied retroactively on collateral review. *See Caspari v. Bohlen*, 510 U.S. 383, 396 (1994). Second, a new rule which announces a new "watershed" rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding will be applied retroactively. *See id.*

*Alleyne* does not fall within either of foregoing exceptions. Therefore, it cannot be applied retroactively unless it is specifically made retroactive to collateral proceedings, such as § 2255 proceedings, by the Supreme Court. *See Dodd v. United States*, 545 U.S. 353, 359 (2005). The Supreme Court has not applied *Alleyne* retroactively. The United States Court of Appeals for the Eighth Circuit has discussed *Alleyne* on several occasions, but has not found it should be retroactively applicable. *See e.g. United States v. Lara-Ruiz*, 721 F.3d 554, 557 (8th Cir. 2013)( fact increasing either end of the [sentencing] range produces a new penalty and constitutes an ingredient of the offense.); *United States v. Abrahamson*, 731 F.3d 751 (8th Cir. 2013)(increased statutory minimum as result of prior drug conviction not required to be submitted to the jury). The Eighth Circuit has discussed the retroactive effect of *Apprendi* and determined the rule announced there *would not* be retroactively applied by the Supreme Court. *See United States v. Moss*, 252 F.3d 993, 999-1000 (8th Cir. 2001).

At least one Court of Appeals has discussed the issue of retroactive application of *Alleyne*, and determined the Supreme Court is not likely to apply this new rule retroactively. The Seventh Circuit has held:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. This implies that the Court will not declare Alleyne to be retroactive. But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) . . . .

*Simpson v. United States*, 721 F.3d 875, 876 (7th Cir.2013)(citations omitted). Accordingly this Court should decline to apply *Alleyne* retroactively in collateral proceedings.

Based on the record in this case, the Court also concludes an evidentiary hearing is not required in this matter. Lewis is clearly not entitled to the relief he seeks.[4] Further, I find Lewis has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**IV. Recommendation**

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence be **DENIED** and dismissed. I also recommend any request of a certificate of appealability be **DENIED**.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are**

---

[4] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

      **DATED** this **16th day of September 2014.**

                                                            /s/ Barry A. Bryant  
                                              HON. BARRY A. BRYANT  
                                              U.S. MAGISTRATE JUDGE